UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

JAMES J. KING

CASE NO. 6:22-cr-51-WWB-EJK
18 U.S.C. § 922(o)
18 U.S.C. § 922(d)(1)

## INDICTMENT

~~SEALED~~

The Grand Jury charges:

## COUNT ONE

On or about September 1, 2021, in the Middle District of Florida, the defendant,

JAMES J. KING,

did knowingly possess and transfer one machinegun, that is, one auto sear device, which is a part designed and intended for use in converting a weapon into a machinegun.

In violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

## COUNT TWO

On or about October 5, 2021, in the Middle District of Florida, the defendant,

JAMES J. KING,

did sell a Hellcat 9mm firearm to a person, knowing and having reasonable cause to believe that the person had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2).

## COUNT THREE

On or about October 5, 2021, in the Middle District of Florida, the defendant,

JAMES J. KING,

did knowingly possess and transfer one machinegun, that is, one auto sear device, which is a part designed and intended for use in converting a weapon into a machinegun.

In violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

## COUNT FOUR

On or about March 15, 2022, in the Middle District of Florida, the defendant,

JAMES J. KING,

did knowingly possess and transfer one machinegun, that is, one auto sear device, which is a part designed and intended for use in converting a weapon into a machinegun.

In violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 922(o) and/or 922(d)(1) the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



ROGER B. HANDBERG
United States Attorney

By: _____
Ilianys Rivera Miranda
Assistant United States Attorney

By: _____
Sara C. Sweeney
First Assistant United States Attorney

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

JAMES J. KING

## INDICTMENT

Violations:

18 U.S.C. § 922(o)
26 U.S.C. § 922(d)(1)



Filed in open court this 6th day of April, 2022.

_____
Clerk

Bail   $_____